UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUSTIN RINDOS,<br><br>**Plaintiff,**<br><br>v.<br><br>PARTNERS GROUP (USA), INC.,<br><br>**Defendant.** | Civ. No. 2:22-CV-05187 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.**

This matter arises out of the termination of plaintiff Justin Rindos' ("Plaintiff" or "Rindos") employment with Partners Group USA, Inc. ("Defendant" or "Partners Group"). Before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 17. After careful consideration of the parties' submissions, and for the reasons set forth below, Defendant's motion is **GRANTED**.

**I.  BACKGROUND[1]**

The Court assumes familiarity with the facts of this matter, as discussed in the Court's previous Opinion[2] on March 21, 2023, and will only discuss the relevant facts below. Plaintiff largely re-alleges the same factual allegations in the original complaint, however, Plaintiff now alleges that at no point did he "make any intentional misrepresentations regarding his arrest or conviction history." FAC at ¶ 15, 23, 33. Plaintiff also newly alleges that: (1) Plaintiff indicated to Lauren Zierolf (human resources business unit) and Amanda Evans (head of human resources) that his arrest would result in a non-conviction as part of the Pre-Trial Intervention ("PTI") program; (2) Lauren Zierolf indicated to Plaintiff that his Family and Medical Leave Act ("FMLA") leave would be exhausted on March 24, 2022, at which point it would convert to a standard request for medical leave due to a disability; (3) Defendant selectively enforced their policies and declined to terminate other employees for serious violations of the company handbook; (4) Plaintiff completed the PTI program and the charges pending against him were dismissed; (5) Defendant did not indicate in its termination letter to Plaintiff that Plaintiff made any intentional misrepresentations regarding his arrest or conviction history and relied solely on the "serious nature of the conduct that led to [his] arrest"; (6) Defendant was aware of Plaintiff's December 19, 2021 arrest by January 23, 2022 and terminated Plaintiff's employment on May 19, 2022, the temporal proximity of which,

---

[1] This Opinion draws its facts from the First Amended Complaint ("FAC"), ECF No. 16, the well-pleaded allegations of which are taken as true on this motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[2] The Court incorporates its previous March 21, 2023, Opinion by reference. *See* ECF No. 11.

Plaintiff alleges, demonstrates Defendant's discriminatory and retaliatory animus towards Plaintiff; and (7) Defendant's stated reason for terminating Plaintiff was pretextual. *Id.* at ¶¶ 24, 27, 29, 40, 41, 47-50.

## II.     PROCEDURAL HISTORY

Plaintiff filed his initial four-count complaint against Defendant on August 24, 2022. ECF No. 1. Plaintiff amended his complaint on April 25, 2023. ECF No. 16. Count I alleges Defendant violated the New York City Human Rights Law ("NYCHRL"), N.Y. City. Admin. Code § 8-101-8-131, by discriminating against him based on his disability or perceived disability. FAC at ¶ 54. Specifically, Plaintiff alleges Defendant failed to provide him with any reasonable accommodation for his disability and failed to "[engage] in the interactive process to determine whether they could provide him with a reasonable accommodation." *Id.* at ¶¶ 55-56. Count II alleges Defendant violated the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law. §§ 290-301, by similarly discriminating against Plaintiff based on his disability and failing to provide a reasonable accommodation. *Id.* at ¶¶ 59-60. Count III alleges Defendant violated the NYCHRL Fair Chance Act ("FCA") by discriminating against Plaintiff due to his involvement with the criminal justice system and terminating his employment on the basis of a non-conviction. *Id.* at ¶¶ 64-66. Finally, Count IV alleges Defendant violated the Family and Medical Leave Act, 29 USCS, Ch. 28, by failing to place Plaintiff on protected leave and reinstating him to his prior position following any protected leave time. *Id.* at ¶¶ 73-74.

On March 21, 2023, the Court granted Defendant's motion to dismiss Counts I, II, and III without prejudice. *See* ECF Nos. 11, 12. The Court also granted Defendant's motion to dismiss Count IV with respect to FMLA retaliation and denied the motion to dismiss Count IV with respect to FMLA interference. *Id.* Defendant filed its second motion to dismiss Counts I-IV of the FAC on March 16, 2023. *See* ECF No. 17. Plaintiff filed his opposition on June 20, 2023, and Defendant filed its reply on June 26, 2023. *See* ECF Nos. 19, 20. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) based on the diverse citizenship of the parties and an amount in controversy exceeding $75,000.[3]

## III.    LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The movant bears the burden of showing that no claim has been stated. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under FRCP 12(b)(6), "all allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). The Court need not accept as true "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a 12(b)(6) motion, the Court is ordinarily limited to the facts as

---

[3] Defendant is a company with its principal place of business in New York and Plaintiff is a citizen of New Jersey. FAC at ¶¶ 2-3.

alleged in the complaint, the exhibits attached thereto, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1996 (3d Cir. 1993). The Court may, however, look outside the pleadings and also consider "document[s] integral to or explicitly relied upon in the complaint" or any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *In re Asbestos Prod. Liability Litig.* (No. VI), 822 F.3d 125, 134 n.7 (3d Cir. 2016).

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## IV.   DISCUSSION

### A. NYSHRL and NYCHRL Disability Discrimination and Failure to Accommodate

Counts I and II allege Defendant discriminated against Plaintiff based on his alcoholism disability[4] and failed to provide him any reasonable accommodation. Def. Mot. at 15-17, ECF No. 17. Specifically, Defendant claims the FAC is devoid of facts that suggest Defendant terminated Plaintiff due to his disability and the two accommodations Plaintiff requested was granted. *Id.* at 12-14. Plaintiff in his opposition argues that while Defendant did initially grant Plaintiff medical leave, "Plaintiff's employment was terminated at a time that he was requesting additional medical leave due to his disability" and therefore Defendant failed to accommodate his disability. Pl. Opp. at 22-24, ECF No. 19. Furthermore, Plaintiff again argues it can be easily inferred that he was terminated due to his disability and not on his arrest alone because of the "temporal proximity between Plaintiff's disclosure of his disability and his subsequent termination." Pl. Opp. at 20.

Section 8-107(1)(a) of the NYCHRL prohibits employment discrimination based on an "actual or perceived . . . disability." N.Y.C. Admin. Code § 8-107(1)(a). The statute defines "disability" as "any physical, medical, mental or psychological impairment, or a history or record of such impairment." *Id.* § 8-102(16)(a). "In the case of alcoholism," however, the NYCHRL narrows the definition of "disability" so that it "shall only apply to a person who (1) is recovering or has recovered and (2) currently is free of such abuse." *Id.* § 8-102(16)(c). Historically, discrimination claims under the NYSHRL were "largely subject to the same analysis [courts] apply under Title VII." *Reyes v. Westchester County Health Care Corp.*, No. 21-cv-0410, 2021 WL 4944285, at *2 (2d Cir. Oct. 25, 2021) (citing *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 226 (2d Cir. 2014)); *see Williams v. MTA Bus Co.*, No. 17-cv-7687, 2020

---

[4] Any discrimination claims based on the disability of anxiety and depression will not be considered as Plaintiff's FAC makes clear that he informed Defendant of such disability in July of 2021 and has not alleged any facts to plausibly infer that he was discriminated on that basis.

3

WL 1922911, at *5 (S.D.N.Y. Apr. 20, 2020) (same). However, in June of 2019, New York State amended the NYSHRL, "the effect of which is to render the standard for claims [brought under the NYSHRL] closer to the standard under the NYCHRL." *Wellner v. Montefiore Med. Ctr.*, No. 17-cv-3479, 2019 WL 4081898, at *5 n.4 (S.D.N.Y. Aug. 29, 2019); *DeAngelo v. MAXIMUS/NY Medicaid Choice*, No. 19-cv-7957, 2022 WL 3043665, at *12 n.15 (S.D.N.Y. Aug. 2, 2022) (discussing the more liberal post-amendment standard under the NYSHRL); As to the NYCHRL, "courts must construe the NYCHRL 'liberally for the accomplishment of the uniquely broad and remedial purposes thereof.'" *Harris v. N.Y.C. Hum. Res. Admin.*, No. 20-cv-2011, 2022 WL 3100663, at *8 (S.D.N.Y. Aug. 4, 2022) (quoting *Leroy v. Delta Airlines, Inc.*, 36 F.4th 469, 474 (2d Cir. 2022)). "To state a *prima facie* case of disability discrimination under the . . . NYSHRL, or NYCHRL, a plaintiff must show: (1) the employer is subject to the . . . NYSHRL, or NYCHRL; (2) he suffers from a disability within the meaning of the . . . NYSHRL, or NYCHRL; (3) he is otherwise qualified to perform his job; and (4) he suffered an adverse employment decision because of his disability." *Brown v. The Pension Bds.*, 488 F. Supp. 2d 395, 405-06 (S.D.N.Y. 2007) (collecting cases). "To prevail on an NYCHRL discrimination claim, 'the plaintiff need only show that her employer treated her less well, at least in part for a discriminatory reason.'" *Reed v. Nike, Inc.*, No. 17 Civ. 7575, 2019 WL 2327519, at *1 (S.D.N.Y. May 31, 2019) (quoting *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 n.8 (2d Cir. 2013)).

  Here, Plaintiff again asserts conclusory allegations that are insufficient to state a claim upon which relief can be granted. Plaintiff largely recycles his previous argument, claiming only that the temporal proximity between the expiration of Plaintiff's FMLA leave (March 24, 2022) and the date of his termination (May 19, 2022) is sufficient to raise an inference of discrimination.[5] The Court disagrees. Plaintiff points to no plausible evidence connecting his disability and his termination other than the mere fact Defendant was aware of his disability. The connection between Plaintiff's disability and his alleged discrimination is still too attenuated. In fact, while aware of his disability, Defendant granted Plaintiff medical leave twice before terminating his employment nearly five months later. Furthermore, Defendant first became aware of Plaintiff's disability regarding alcoholism when he completed and submitted his inpatient treatment forms sometime between December 28, 2021, and January 4, 2022. FAC. ¶¶ 11-13. Defendant became aware of Plaintiff's arrest, and his failure to disclose it, on January 23, 2022. *Id.* at ¶ 15. Yet Plaintiff was not terminated until May 19, 2022, nearly five months later. The Court sees no reason to use the expiration of Plaintiff's FMLA leave on March 24, 2022, as the starting point especially when Plaintiff's FAC clearly establishes that Defendant was informed of Plaintiff's disability sometime between December 2021 and January 2022. *Id.* at ¶ 13.

  To assert an NYSHRL accommodation claim, "an employee must show that: (1) he is a person with a disability under the meaning of the [Americans with Disabilities Act]; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, [the employee] could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." *Noll v. Int'l Bus. Machines*

---

[5] Plaintiff's allegation that Defendant treated other similarly situated employees differently by not enforcing company policy against them is conclusory and unsupported.

4

*Corp.*, 787 F.3d 89, 94 (2d Cir. 2015) (internal quotation marks and citation omitted). "The NYCHRL similarly 'requires that an employer make reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job provided that the disability is known or should have been known by the employer.'" *Lazzari v. New York City Dep't of Parks & Recreation*, 751 F. App'x 100, 102 (2d Cir. 2018) (quoting *Romanello v. Intesa Sanpaolo, S.p.A.*, 22 N.Y.3d 881, 998 (N.Y. 2013)) (internal quotation marks, citation, and alteration omitted). The elements to establish disability discrimination under the NYSHRL and NYCHRL "generally track the ADA." *Thomson v. Odyssey House*, No. 14-CV-3857, 2015 WL 5561209, at *18 (E.D.N.Y. Sept. 21, 2015), aff'd, 652 F. App'x 44 (2d Cir. 2016). "However, the NYSHRL provides broader protection than the ADA, and the NYCHRL is broader still."

Here, Plaintiff alleges his second request for an additional six-month medical leave, which was designated as FMLA leave, was cut short due to his termination. As a result, Plaintiff alleges Defendant failed to accommodate his disability by preventing him from completing his leave and returning to work. Pl. Opp. at 22-23. "An employee seeking FMLA leave is by nature arguing that he cannot perform the functions of the job, while an employee requesting a reasonable accommodation communicates that he can perform the essential functions of the job." *Acker v. Gen. Motors, L.L.C.*, 853 F.3d 784, 792 (5th Cir. 2017); *see also Navarro v. Pfizer Corp.*, 261 F.3d 90, 101 (1st Cir. 2001) (noting that the "ADA and the FMLA have divergent aims, operate in different ways, and offer disparate relief"). Plaintiff's claim regarding reasonable accommodation under the NYCHRL and NYSHRL as to his FMLA leave fails to state a claim upon which relief can be granted. Therefore, Defendant's motion to dismiss Counts I and II is **GRANTED** and Plaintiff's claims for disability discrimination under Counts I and II are **DISMISSED WITH PREJUDICE**.

### B. NYCHRL Fair Chance Act

Under Count III, Plaintiff alleges Defendant violated the FCA by: (1) discriminating against him due to his involvement with the criminal justice system; (2) terminating his employment on the basis of a non-conviction; (3) and failing to conduct a complete and thorough Fair Chance analysis. FAC at ¶¶ 63-67. In his opposition to the instant motion, Plaintiff largely repeats the arguments made in the first motion to dismiss, claiming Defendant committed a per se violation of the FCA by "fail[ing] to disclose a written copy of the inquiry they conducted into [Mr. Rindos'] criminal history [and] failing to share a written copy of their complete Fair Chance Analysis." Pl. Opp. at 11. Plaintiff further argues that Defendant cannot demonstrate that one or both of the Article 23-A exceptions applied, and Defendant did not allow Plaintiff to submit evidence of good conduct and rehabilitation.[6] *Id.* Defendant argues it did not violate the FCA since Plaintiff was terminated for having made intentional misrepresentations regarding his arrest, which he was required to disclose per company policy. Def. Mot. to Dismiss at 11-14, ECF No. 17.

In relevant part, the FCA states

---

[6] Plaintiff also argues that Defendant discriminated against Plaintiff on the basis of a non-conviction. This is inconsistent with the FCA, which allows adverse actions against employees for intentionally misrepresenting *arrests* or criminal conviction. NYC Administrative Code 8-107, § 10(g).

> "[i]t shall be an unlawful discriminatory practice for any employer. . . to take adverse action against any. . . employee based on an arrest or criminal accusation that is pending. . . unless, after considering the relevant fair chance factors, the employer determines that either (i) there is a direct relationship between the alleged wrongdoing that is the subject of the pending arrest or criminal accusation and the employment sought or held by the person; or (ii) the granting or continuation of the employment would involve an unreasonable risk to property or to the safety or welfare of specific individuals or the general public."

NYC Administrative Code 8-107, § 10(e). The FCA goes on to carve out an exception allowing employers to take such adverse actions against an employee "who is found to have made intentional misrepresentations regarding their arrest or conviction history, provided that such adverse action is not based on a failure to divulge information that a person may not be required to divulge. . . " *Id.* at § 10(g).

Firstly, as FCA makes clear, employers are permitted to take adverse actions against an employee based on an arrest or pending criminal conviction if the employer considers the relevant fair chance factors and determines either that there is a direct relationship between the alleged wrongdoing and the employment held by the employee or granting the continuation of the employment would involve an unreasonable risk to "property or to the safety or welfare of specific individuals or the general public." *Id.* at § 10(e). The termination letter attached by Defendant on its initial motion to dismiss clearly states that "the Company also considered the factors required by Article 23-A of the [NYS] Correction law, prior to making a determination about your future with the company."[7] Evans Cert., Ex. B, ECF No. 6. Defendant goes on to explain the circumstances surrounding Plaintiff's arrest and states "[it] has considered the specific duties of your job, the seriousness of the conduct that led to your arrest, how recently the arrest occurred, and, ultimately concluded that the Company is unable to continue your employment." *Id.* Given that Plaintiff held a leadership role at Defendant coupled with the violent nature of the alleged conduct leading to Plaintiff's arrest, Defendant determined that Plaintiff's continued employment would conflict with the "[c]ompany's legitimate interest in protecting the safety and welfare of other employees." *Id.* Plaintiff's threadbare recitals of the elements of an FCA claim and broad assertions that Defendant failed to conduct a complete and thorough Fair Chance Analysis are insufficient to state a claim upon which relief can be granted.[8] *See* FAC at ¶¶ 63-67; Evans Cert., Ex. B, ECF No. 6.

---

[7] The Court looks outside of the pleadings and to Defendant's attachment of Plaintiff's termination letter. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *In re Donald J. Trump Casino Sec. Litig.*, 7 F.3d, 357, 368 n.9 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.") (Internal quotations omitted).

[8] The Court need not accept as true "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Furthermore, despite making repeated and conclusory allegations that Plaintiff did not intentionally misrepresent his arrest, the facts underlying Plaintiff's allegations prove otherwise. Plaintiff does not contest that he was arrested on December 19, 2021. *See* FAC at ¶ 10. Plaintiff did not reach out to Defendant until December 28, 2021, when he requested a one month leave and did not mention his arrest. *Id.* at ¶¶ 11-13. Plaintiff then reached out again on January 19, 2022, to discuss his leave and similarly did not mention his arrest. *Id.* at ¶ 14. It wasn't until January 23, 2022, when *Defendant* reached out to Plaintiff after hearing he had been arrested in December that Plaintiff then admitted to the incident. *Id.* at ¶ 15. Defendant's actions, again, fall squarely under the § 10(g) exception. Since the termination letter clearly details the Article 23-A factors considered and afforded the Plaintiff an opportunity to provide additional information before his termination was to be finalized and his actions fall under an exception of the FCA, Plaintiff's claim must fail. *See* Evans Cert. Ex. B, ECF No. 6. Defendant's motion to dismiss Count III is **GRANTED** and Plaintiff's claim for FCA violations is **DISMISSED WITH PREJUDICE**.

### C. FMLA

Under Count IV, Plaintiff alleges he was protected under the FMLA, had a right to be reinstated to his prior position following his leave, and Defendant violated the FMLA by retaliating against Plaintiff for his attempted exercise of these rights. FAC at ¶¶ 68-74. It is undisputed that Plaintiff was granted a six-month extension of leave on January 31, 2022. *Id.* at ¶¶ 26-27. However, Plaintiff now newly alleges that part of this extension would be designated as FMLA leave, which was set to expire on March 24, 2022. *Id.* at ¶ 27. After March 24, 2022, and until his termination on May 19, 2022, Plaintiff was on standard medical leave."[T]o prevail on a claim of interference with her FMLA rights, a plaintiff must establish: 1) that she is an eligible employee under the FMLA; 2) that the defendant is an employer as defined by the FMLA; 3) that she was entitled to take leave under the FMLA; 4) that she gave notice to the defendant of her intention to take leave; and 5) that she was denied benefits to which she was entitled under the FMLA." *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 424 (2d Cir. 2016). Plaintiff's new allegations clearly indicate that he had exhausted his FMLA leave at the time of his termination and, therefore, was neither entitled to take leave under the FMLA nor denied benefits to which he was entitled to under the FMLA. Defendant's motion to dismiss Count IV with respect to FMLA interference is **GRANTED** and Plaintiff's claim with respect to FMLA interference is **DISMISSED WITH PREJUDICE**.

With respect to FMLA retaliation, Plaintiff's allegations still do not pass muster. In order to state a claim of retaliation under the FMLA, Plaintiff must show: (1) an invocation of a right to FMLA leave, (2) and adverse employment action, and (3) a casual link between the two. *See Caplan v. L Brands/Victoria's Secret Stores*, 704 F. App'x 152, 155 (3d Cir. 2017). Although Plaintiff has adequately pleaded the first two factors, his claim again fails on the third. Plaintiff asserts that temporal proximity is sufficient to demonstrate a causal link. However, as this Court previously noted, "evidence of temporal proximity, without more, from when the Plaintiff invoked his right to the adverse action is insufficient to demonstrate a casual link unless it is "unusually suggestive" of retaliatory motive. *Rindos v. Partners Grp. (USA), Inc.*, No. 2:22-CV-05187 (WJM), 2023 U.S. Dist. LEXIS 47341, at *17 (D.N.J. Mar.

21, 2023) (quoting *Caplan*, 704 F. App'x 155). Plaintiff has failed to plead facts sufficient to demonstrate FMLA retaliation. Defendant's motion to dismiss Count IV with respect to FMLA retaliation is **GRANTED** and Plaintiff's claim with respect to FMLA retaliation is **DISMISSED WITH PREJUDICE**.

### V.     CONCLUSION

For the reasons set forth above, Defendant's motion is **GRANTED**. An appropriate Order shall follow.

WILLIAM J. MARTINI, U.S.D.J.

Date: August 29, 2023

8